Hosea William **DRAKE**, Appellant,

v.

Nancy Lee (Drake) **WASHBURN**,
Appellee.

No. 27A02–9001–CV–46.

Supreme Court of Indiana.

Aug. 22, 1991.

Jeffry G. Price, Peru, for appellant.

Anne C. Selby, Marion, for appellee.

PER CURIAM.

Petition to transfer denied.

DICKSON, Justice, dissenting from denial of transfer.

In reversing the trial court's custody modification for lack of evidence, the Court of Appeals refused to consider the trial court's findings with respect to the custodial parent's relocation and the noncustodial parent's change of circumstances. *Drake v. Washburn* (1991), Ind.App., 567 N.E.2d 1188. This view largely resulted from its interpretation of *Poret v. Martin* (1982), Ind., 434 N.E.2d 885, and *Pea v. Pea* (1986), Ind.App., 498 N.E.2d 110.

Citing *Pea* as support, the Court of Appeals asserted that a modification is not warranted if the evidence establishes a change only in the noncustodial parent's lifestyle. It also viewed *Pea* and *Poret* as established precedent for the proposition that a custodial parent's move is not *per se* a substantial and continuing change in circumstance warranting modification. *Drake*, 567 N.E.2d at 1190–91.

Custody modifications are permitted "upon a showing of changed circumstances so substantial and continuing as to make the existing custody order unreasonable." Ind.Code § 31–1–11.5–22(d). The statute does not limit the "changed circumstances" to those of the custodial parent. In *Poret*, this Court vacated a reversal of the trial court's order granting custody modifica-

tion. Speaking for a unanimous court, Justice Prentice wrote:

We agree with the Court of Appeals in concluding that a custodial parent's move out of state is not *per se* a substantial change in circumstances such as to make that parent's continued custody unreasonable. However, in so concluding, it appears to have considered the removal of the boys to Arizona in isolation from the relevant circumstances of their lives. Whether or not any given change is substantial must be determined in the context of the surrounding circumstances. If, in context it is likely to beget a consequential end result, it must be deemed to be substantial.

*Poret*, 434 N.E.2d at 890.

In the present case, the Court of Appeals unfortunately looks to only that portion of the *Poret* holding which agrees that a custodial parent's move does not *per se* support a custody modification. It ignores the remainder of the language in *Poret* which requires that, in addition to the fact of the move itself, the effect of such move upon the children constitutes surrounding circumstances which must be considered. The *Poret* court expressly noted that the plan of the custodial parent to relocate the children, thereby precluding the continuing stabilizing influence of the noncustodial parent, was among the substantial and continuing changed circumstances which rendered the custody change not only reasonable, but compelling. *Id.*

The Court of Appeals here, relying on *Pea*, declined to give proper consideration to the changes in the noncustodial parent's lifestyle or to the consequences of the custodial parent's move, and reversed the trial court. This is an unduly restrictive view. In determining the nature and extent of the changed circumstances applicable to custody modification, our trial courts should be free to consider all relevant factors, including changes in lifestyle of both the custodial and noncustodial parents, the relocation of either parent, and the resulting relative advantages and disadvantages to the child or children. Trial courts are uniquely equipped to consider such factors, along

with others including continuity and stability, in adjudicating custody modification requests. The statutory requirement that the changed circumstances be so substantial and continuing as to "make the existing order unreasonable" should not restrict the review to the circumstances of only the custodial environment. The requirement is equivalent to and satisfied by finding that the change be "necessary for the welfare of the child." *Poret*, 434 N.E.2d at 888.

In the present case, the trial court supported its custody modification with findings noting that the father, as custodial parent, had relocated from Wabash to Valparaiso, Indiana, that one of the children was adjusting poorly to her new school and home in Valparaiso, and that the father had failed to appropriately deal with the children's physical and emotional needs since the last custody determination. It also observed that the noncustodial mother had remarried, maintained a home in Wabash, earned a college degree, and obtained full-time employment. It found that due to her employment and special training, she appeared to be better equipped than the father to deal with the special problems exhibited by the children. The custody modification was also supported by the testimony of a psychologist specializing in the treatment of children. Because the record contains evidence and inferences to support the trial court's judgment, it should not be reversed on appeal. *Poret*, 434 N.E.2d 885.

I favor granting transfer and clarifying whether relocation and noncustodial lifestyle may be considered in custody modification proceedings.

KRAHULIK, J., concurs.